## IN THE

# SUPREME COURT

### OF

## PENNSYLVANIA.

## Eastern District, March Term, 1814.

### GIRARD *against* HEYL.

THE plaintiff obtained a judgment by arbitration on the 22d of last month, for about 1100 dollars; and the defendant by an entry on the docquet suggested his freehold, to obtain a stay of execution under the act of 21st *March* 1806, *sec.* 7.

*Binney* obtained a rule upon the defendant, returnable this morning, to shew cause why this suggestion or plea should not be struck off the record, upon the ground that the defendant had not such a freehold as was intended by the law. The law enacts that the writ of execution shall be staid on the judgment, " if exceeding four hundred dollars, " twelve months, counting from the first day of the term to " which the original process issued is returnable, if the " defendant in the opinion of the Court is possessed of a " freehold estate, worth the amount of such judgment, *clear* " of all incumbrances."

*Hopkins*, who shewed cause for the defendant, admitted that his only freehold in the county was a house and lot, for which he had given four thousand dollars on the 25th *May* 1807, and on which there were two mortgages, one of the 16th *July* 1807, for one thousand dollars, and another of the 16th *July* 1811, for three thousand dollars; but he offered to prove by a witness in court, that the property was worth

*To entitle a defendant to plead his freehold under the act of 21st March 1806, he must have a freehold worth the amount of the judgment, and upon which there is no incumbrance. It is not sufficient that the freehold may be thought equal to the judgment, after paying all incumbrances.*

1814.

GIRARD
v.
HEYL.

more than six thousand dollars, and that an offer for it to that amount had been refused. The counsel then argued, that security to the plaintiff was the only object of the law; and that according to its spirit, the defendant had a freehold equal to the judgment, clear of all incumbrances, or in other words, after all incumbrances should be cleared or paid off. Such had been its interpretation in other courts; and upon any other construction, an incumbrance of ten pounds would take away the privilege from a freehold of ten thousand.

*Binney* in reply said, that no argument could make the act plainer. The defendant claims a privilege, and it is no hardship upon him to be asked to bring his case within the fair and natural import of the law. He must have a freehold *clear* of all incumbrances, not *above*, or *more than*, but *clear*. Any incumbrance destroys the privilege. If the defendant obtains a stay, what certainty is there that the whole property may not be swept away to-morrow, by an execution upon one of the mortgages. The law intended that the plaintiff should have a security indefeasible by the act of any one.

PER CURIAM. The act is too clear for a doubt. The defendant says he can prove the estate is worth six thousand dollars. How can he prove that if a *levari facias* should issue, and it should be sold by the sheriff, it would bring half the money? Both the words of the law and its spirit are against the privilege in this case; the words, because the defendant has no freehold clear of incumbrances; the spirit, because it did not intend that the plaintiff's judgment should be exposed to defeat by sale under a prior incumbrance.*

Rule absolute.

*Philadelphia,
Thursday,
March 31.*
If the late sheriff has executed a deed, and acknowledged it defectively, his successor cannot under the act of 23d *March* 1764, execute a new deed; but the late sheriff may acknowledge it again, though out of office.

* The freehold in question was afterwards sold under a *fi. fa.* in this case, and did not produce the amount of the mortgages and interest.